IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES E. LARKIN,

   Plaintiff,

v.

THE WARDEN OF M.T.C. HOSPITAL,

   Defendant.

Civil Action No.:  PX-24-3450

## MEMORANDUM ORDER

Petitioner James E. Larkin filed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asking this Court to vacate his violation of probation petition pending in Baltimore City state court. ECF No. 1.[1] For the reasons that follow, the petition will be dismissed without prejudice.

The Petition contends that Larkin had been "set up" by his probation officer and her supervisor, and accordingly he is detained without lawful authority. *Id.* at 8. The Petition separately claims that he is the victim of malicious prosecution. *Id.* at 9. Larkin's violation of probation proceedings are currently pending in Baltimore City Circuit Court. *Id.* at 2; *see also State v. Larkin*, Case No. 119275005 (Cir. Ct. Balt. City), available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last visited April 10, 2025). Larkin also has a related habeas petition pending in state court. ECF No. 1 at 3; *see also Larkin v. MTC*, Case Number C-24-CV-24-003590 (Cir. Ct. Balt. City), available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last visited April 10, 2025).

Before this Court may reach the merits of Larkin's § 2241 Petition, the asserted claims must be exhausted in the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Timms v. Johns*,

---

[1] The Court grant's Larkins motion to proceed in forma pauperis at ECF No. 2.

627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to a § 2241 petition); Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (stating that a district court may apply the rules to a habeas corpus petition not filed under § 2254). If Larkin receives an adverse ruling in the Circuit Court, he must then seek review of the claim in the highest state court with jurisdiction to consider it. Because Larkin has not yet even received an adverse ruling, the petition before this Court is not properly before the Court and will be dismissed without prejudice.

Nor will the Court issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court"). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Larkin fails to meet this standard, but he may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

Based on the foregoing, it is this 11th day of April, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis, ECF No. 2, IS GRANTED;

2. The Petition IS DISMISSED WITHOUT PREJUDICE;

3. A Certificate of Appealability SHALL NOT issue;

4. The Clerk SHALL PROVIDE a copy of this Order to Larkin; and

The Clerk SHALL CLOSE this case.

| 4/11/25 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |